

2006 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

1-31-2006

# Lynn v. Schertzberg

Precedential or Non-Precedential: Non-Precedential

Docket No. 05-1857

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2006

Recommended Citation

"Lynn v. Schertzberg" (2006). *2006 Decisions.* Paper 1694.
http://digitalcommons.law.villanova.edu/thirdcircuit_2006/1694

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2006 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

NOT PRECEDENTIAL

IN THE UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 05-1857
_____

BRUCE D. LYNN,
*Appellant*

v.

KURT SCHERTZBERG, INDIVIDUALLY AND IN HIS OFFICIAL CAPACITY AS
AN AGENT OF DEFENDANT SOUDERTON POLICE DEPARTMENT; JAMES
MINNIGER, INDIVIDUALLY AND IN HIS OFFICIAL CAPACITY AS AN AGENT
OF DEFENDANT TELFORD POLICE DEPARTMENT; JEREMY KIM,
INDIVIDUALLY AND IN HIS OFFICIAL CAPACITY AS AN AGENT OF
DEFENDANT TELFORD POLICE DEPARTMENT; SOUDERTON POLICE
DEPARTMENT
_____

On Appeal From the United States District Court
For the Eastern District of Pennsylvania
(D.C. No. 04-CV-05265)
District Judge: Honorable Clarence C. Newcomer
_____

Submitted Under Third Circuit LAR 34.1(a)
January 18, 2006
Before: ROTH, FUENTES and BECKER, *Circuit Judges*

(Filed:  January 31, 2006)
_____

OPINION
_____

BECKER, *Circuit Judge*.

I.

This appeal arises out of the following, somewhat bizarre, factual background. Plaintiff Bruce Lynn claims that his constitutional rights were violated by three individual police officers and the Souderton, Pennsylvania Police Department. According to Lynn's complaint, he was walking his dog and talking on a cellular phone when Officer Kurt Schertzberg of the Souderton Police Department asked him to put the dog on a leash. Lynn claims that he motioned to the Officer that he would be with him in a moment, but that Schertzberg stated that he was going to issue Lynn a ticket. *Id.* at 3. Lynn then called the officer a "prick." Lynn states that as a result, Schertzberg pushed him to the ground, handcuffed him, and "threw" Lynn and his dog into the rear of a police car. *Id.*

Lynn's complaint avers that Officers James Minniger and Jeremy Kim then "dragged" Lynn from the car and "threw him to the ground." *Id.* Lynn alleges that afterward he was assaulted and beaten and suffered "a broken nose, lacerations about his head and face with visible cuts, abrasions, and contusions as well as pain and suffering from the tight handcuffs placed on his wrists." He submits that he at no time attempted to resist arrest. *Id.* Ultimately, Lynn received two tickets for disorderly conduct and the failure to confine dogs. He was convicted of these charges by a District Justice and, on appeal, by the Montgomery County Court of Common Pleas.

Lynn then commenced a civil action in the District Court against the three police officers and the Souderton Police Department, alleging violations of the United States Constitution and state law. As discussed below, the problem in this appeal is that Lynn

2

did not clearly and repeatedly make out a *Fourth Amendment* claim in his complaint, but instead emphasized § 1983 generally, and the Fifth and Fourteenth Amendments specifically. For example, Lynn repeatedly stated that he was deprived of "his right to equal protection of the laws and . . . the due course of justice, in violation of the Fifth and Fourteenth Amendments of the Constitution of the United States and 42 U.S.C. § 1983." The counts in Lynn's complaint are as follows:

*Count I*:     Violations of 42 U.S.C. § 1983: Arrest
*Count II*:    False Imprisonment
*Count III*:   Assault and Battery
*Count IV*:    Violations of 42 U.S.C. § 1983: Conspiracy
*Count V*:     Violations of 42 U.S.C. § 1983: Refusing or Neglecting to Prevent
*Count VI*:    Negligence
*Count VII*:   Intentional Infliction of Emotional Distress

The Defendants moved for a 12(b)(6) dismissal of all counts. The District Court granted the motion to dismiss. The Court initially dismissed Lynn's first and second claims – a § 1983 claim resulting from the arrest, and a false imprisonment charge – because Lynn "was ultimately convicted of two of the offenses for which he was charged." The Court dismissed Lynn's fifth count because he "failed to allege a viable underlying constitutional tort in his case." *Id.* The Court dismissed the fourth count, reasoning that § 1983 does not create a cause of action for conspiracy. Last, the Court declined to exercise supplemental jurisdiction over Lynn's third, sixth, and seventh counts. Lynn timely appealed. Defendants continue to advocate that Lynn fails to state a proper claim and that only the Fourth Amendment, which they contend was not referenced by Lynn, provides relief for excessive force claims. We have jurisdiction

3

pursuant to 28 U.S.C. § 1291.

II.

A.

It is obvious that Lynn's allegations against the three officers and the police department, which are rooted in the Fourth Amendment, should have been pled more explicitly in Fourth Amendment terms. Although both the District Court and the Defendants contend that Lynn did not once specifically reference the Fourth Amendment in his complaint, upon careful reading, we are convinced that Lynn has done so and that the complaint is not entirely lacking such a reference. On page five of the Complaint, Lynn states:

COUNT I

. . .

Violations of 42 U.S.C. 1983: Arrest

. . .

29. Acting under the color of law, the Defendants worked a denial of Plaintiff, Bruce D. Lynn's, rights, privileges or immunities secured by the United States Constitution or by Federal law, to wit,

(a) by depriving Plaintiff, Bruce D. Lynn, of his liberty without due process of law, by taking him into custody and holding him there against his will;
(b) by making an *unreasonable search and seizure* of his property without due process of law . . . .

(d) by refusing or neglecting to prevent such deprivations and denials to plaintiff, thereby depriving plaintiff of his rights, privileges, and immunities as guaranteed by the *Fourth*, Fifth, and Fourteenth Amendments to the Constitution of the United States.

(emphasis added).

Lynn specifically incorporates into this section the previous paragraphs of his

4

complaint. This incorporation includes the facts section, which outlines the relevant events which we have described above. This incorporation is sufficient to link the well-pleaded facts associated with the alleged improper force to the Fourth Amendment language. It is also germane that the title of Lynn's complaint reads: "Complaint for Damages Against City, Supervisor Personnel and Police Officers for *Police Brutality* and Unlawful Arrest."(emphasis added).

We note that Lynn is more explicit in his response to the Defendants' Motion to Dismiss. That response centers upon explicit allegations of excessive force. For example, Lynn states that "[t]he crux of the Plaintiff's civil rights claim against the defendants results from the deprivation of liberty that resulted from the use of excessive force. The issue of excessive force is analyzed under the Fourth Amendment and its reasonableness standard." Lynn cites several excessive force cases in multiple paragraphs focusing on the issue. In sum, while Lynn does emphasize the Fifth and Fourteenth Amendments, he clearly brings an excessive force claim. This is not a situation in which the District Court was left to guess as to the basis for Lynn's suit. Rather, this action appears on its face to be a police brutality case, albeit with less than optimal pleadings.[1]

---

[1]It is true that Lynn fails to specifically cite the Fourth Amendment at length in his brief to this Court. However, he does at one prominent point state that his "complaint is founded in the longstanding principle that a person has a Constitutional right of substantive due process to one's bodily integrity as secured by the *Fourth* and Fourteenth Amendments of the United States Constitution."(emphasis added). Additionally, Lynn's appellate brief cites a district court case in which the plaintiff brought a § 1983 action for violations of "his substantive due process right to bodily integrity secured by the Fourth and Fourteenth Amendments to the United States Constitution . . . ." *Gremo v. Karlin*,

5

A § 1983 complaint need only satisfy the liberal notice pleading standard of Federal Rule of Civil Procedure 8(a). *See Evancho v. Fisher*, 423 F.3d 347, 353 (3d Cir. 2005). The Federal Rules dictate that a claimant need not set out in detail the facts upon which his claim for relief is based, but need only provide a statement sufficient to put the opposing party on notice of his claim. *See, e.g., Foulk v. Donjon Marine Co.*, 144 F.3d 252, 256 (3d Cir. 1998). We are satisfied that the language in Lynn's complaint, which includes the basic relevant facts and a reference to unreasonable seizure and the Fourth Amendment, is sufficient to allow Lynn to proceed.

Defendants cite paragraphs 14-18 and 25-26 of Lynn's complaint as evidence that Lynn did not make a Fourth Amendment claim.[2] In fact they contend that Lynn does not

---

363 F. Supp. 2d 771, 780 (E.D. Pa. 2005). Last, Lynn references "excessive" or "unreasonable" force many times throughout his brief. For example, in his statement of issues, Lynn describes the first issue as: "Whether an injured party who sustained a fractured nose, among other injuries, as a result of *excessive force* used by police officers has stated a claim for violations of his civil rights against the individual police officers who inflicted the injuries."(emphasis added).

[2] Paragraphs 25 and 26 read as follows:

> 25. As a result of their concerted unlawful and malicious arrest of Plaintiff, Defendant, Kurt Schertzberg deprived Plaintiff of his liberty without due process of law and deprived him of equal protection of the laws, in violation of the Fifth and Fourteenth Amendments of the Constitution of the United States and 42 U.S.C. § 1983.

> 26. As a result of their concerted unlawful and malicious detention and confinement of Plaintiff, Defendants Kurt Schertzberg, James Minniger and Jeremy Kim intentionally, or with deliberate indifference and callous disregard of Plaintiff's rights, deprived Plaintiff of him [sic] liberty without due process of law and deprived him of equal protection of the laws, in

mention the Amendment specifically even once. However, Defendants conveniently fail to recognize paragraph 29 which clearly references the Fourth Amendment. Defendants are correct that Lynn's complaint primarily frames his federal claims using the Fifth and Fourteenth Amendments. They are also correct to the extent that they might argue that the Fourth Amendment reference is relatively obscure. However, we do not agree with the blanket statement that "Appellant does not cite the conduct of the Appellee Officers as violative of the Fourth Amendment." *See* Schertzberg & Souderton Br. at 9; *see also* Kim & Minninger Br. at 12.

B.

Lynn's allegations of violent conduct by the police officers render his claim one of excessive force. To state a claim for excessive police force under the Fourth Amendment, a plaintiff must show both that a seizure occurred and that it was unreasonable. *See Kopec v. Tate*, 361 F.3d 772, 776 (3d Cir. 2004). To determine reasonableness, the Court asks whether the officer's conduct was "objectively reasonable" in light of the totality of the facts and circumstances. *Id.* Factors for consideration may include whether a suspect posed "an immediate threat to the safety of the officers," whether the suspect was "actively resisting arrest or attempting to evade arrest by flight," or whether the suspect appeared to be violent. *See Graham v. Connor*, 490 U.S. 386, 396 (1989); *Sharrar v. Felsing*, 128 F.3d 810, 822 (3d Cir. 1997).

violation of the Fifth and Fourteenth Amendments of the Constitution of the United States and 42 U.S.C. § 1983.

7

Generally, Fourth Amendment reasonableness is a question for the jury, but summary judgment may be appropriate under some circumstances. *See Kopec*, 361 F.3d at 777.

The District Court never got to the point of undertaking this analysis because it found that Lynn failed to state a claim entirely and dismissed under Rule 12(b)(6). For the reasons stated above, Lynn should be able to proceed with his excessive force claims against the police officers, and hence the order of the District Court dismissing those claims will be reversed and the case remanded for further proceedings.

III.

It seems apparent from the briefs – though not from the complaint – that Lynn's false arrest and false imprisonment claims must fail because he was convicted of the charge against him both at the District Justice level and on appeal to the Montgomery County Court of Common Pleas. But since on the present record this determination is not suitable for disposition under Rule 12(b)(6), the District Court will have to deal with it on remand.

Additionally, Lynn brings a § 1983 case against a municipality. A municipality can be held liable when a constitutional violation was caused by an action taken pursuant to municipal *policy* or *custom*. A municipality may also be liable for failing to adequately train its police officers, but no general respondeat superior theory of municipal liability exists in § 1983 actions. *See Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 691 (1978); *Brown v. Pennsylvania Dep't of Health Emergency Med. Servs. Training Inst.*, 318 F.3d 473, 482 (3d Cir. 2003). In view of the total inadequacy of Lynn's pleading on this issue,

8

we will affirm the order dismissing the complaint against the Borough of Souderton.

IV.

For the foregoing reasons, the order of the District Court dismissing Lynn's claims will be affirmed in part and reversed in part and remanded for further proceedings. More specifically, Lynn may no longer proceed with his claims against the municipality, but may proceed with his other claims.